IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                      PLAINTIFF

    vs.                                      Case No. 2:98CR20007-001

ROBERT JOSEPH ROSSO, JR.                                                      DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Current before the undersigned is Defendant's pro se **"Motion to Comply with Requirements pursuant to 18 U.S.C. 3612" (Doc. 59).** The undersigned, being well and sufficiently advised, finds and orders as follows with respect thereto:

1.  On July 17, 1998, Defendant was sentenced to a term of life imprisonment and a $15,000 fine after being convicted by a jury of conspiring to distribute methamphetamine. As reflected in the judgment and commitment order, the fine did not include costs of incarceration and/or supervision. (Doc. 16.)

2.  In the motion now before the Court, Defendant asserts that the fine imposed at sentencing "has been modified to a '"Postal Fine"' and that the judgment and commitment order "makes no reference to this modification, as required pursuant to 18 U.S.C. 3612(b)(1)(E)." (Doc. 59.)

3.  Defendant's motion is without merit, as no modification of the fine has occurred. As pointed out by the Government, Defendant's fine is still payable to the Clerk of the Court. Pursuant to Department of Justice instructions to United States Attorneys and 42 U.S.C. § 10601 (the Crime Victims Fund statute), the Government has merely directed the Clerk of the Court to distribute the

fine payments to the Postal Service Fund, as the Postal Service was the investigating agency in this case.

4. Accordingly, the undersigned recommends that Defendant's "Motion to Comply with Requirements pursuant to 18 U.S.C. 3612" (Doc. 59) be DENIED.

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court**.

DATED this 1ST day of May, 2013.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE