IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                                  PLAINTIFF

V.                              Criminal No. 2:98-cr-20007-TLB

ROBERT J. ROSSO, JR.                                                                        DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Defendant's Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) filed on August 30, 2017. (ECF No. 75). The United States filed its response on October 25, 2017. (ECF No. 79). Defendant has not filed a reply. The matter is ready for report and recommendation.

### I. Background

Defendant, Robert J. Rosso, Jr. ("Rosso"), was indicted on January 14, 1998 and charged with conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. (ECF No. 1). An Information Filed to Seek Enhancement Pursuant to Title 21 U.S.C. § 851(a) was filed by the United States on January 23, 1998. (ECF No's. 5, 79-1). Rosso appeared for arraignment on January 29, 1998; he entered a plea of not guilty to the Indictment, and a jury trial was set on March 30, 1998. (ECF No. 6). At the conclusion of the trial, the jury returned its verdict finding Rosso guilty of conspiracy to distribute methamphetamine. (ECF No's. 11; 74, p. 193).

A Presentence Investigation Report ("PSR") was prepared by the United States Probation Office on May 8, 1998. (ECF No. 14). On May 15, 1998, the Government advised that it had no objections to the PSR, but that corrections were needed in paragraphs 10 and 11. (ECF No. 14, p. 15). On May 26, 1998, Rosso advised that he had no objections to the PSR. (*Id.*). The corrections

requested by the Government were made, and a revised PSR, together with an Addendum, was submitted on June 8, 1998. (ECF No. 14, p. 1).

The final PSR determined that Rosso was accountable for 1.1 kilograms of actual methamphetamine or 4.2 kilograms of a mixture of methamphetamine, and based on that drug quantity Rosso's base offense level was determined to be 34. (ECF No. 14, ¶¶ 17, 19, 24). A four-level enhancement was assessed for Rosso's aggravating role in the offense as an organizer, leader, manager, or supervisor of a criminal activity that involved five or more participants or was otherwise extensive. (ECF No. 14, ¶ 27). Because Rosso was at least 18 years of age at the time of the offense, the offense was a felony controlled substance offense, and he had at least two prior felony convictions for controlled substance offenses, Rosso was considered a career offender. (ECF No. 14, ¶ 32). Rosso's total offense level was determined to be 38. (ECF No. 14, ¶ 33).

Rosso had three prior felony controlled substance convictions. (ECF No. 14, ¶¶ 35, 37, 39). Rosso's criminal history score of nine would have placed him in criminal history category IV, but because he was determined to be a career offender his criminal history category was automatically VI. (ECF No. 14, ¶ 43).

As stated in the PSR, pursuant to 21 U.S.C. § 841(b)(1)(A) any person having two or more prior convictions for a felony drug offense shall be sentenced to a mandatory term of life imprisonment without release. (ECF No. 14, ¶ 54). With a total offense level of 38 and a criminal history category of VI, Rosso's Guidelines range was determined to be 360 months to life imprisonment; however, pursuant to U.S.S.G. § 5G1.1, because the statute requires a mandatory term of life imprisonment without release, the Guidelines range shall be life imprisonment without release. (ECF No. 14, ¶ 55).

Rosso appeared for sentencing on July 17, 1998. (ECF No. 13). The Court made inquiry that Rosso was satisfied with his counsel (ECF No. 72, p. 4); the PSR was reviewed and adopted (ECF No. 72, p. 13); Rosso and his counsel were afforded the opportunity to speak and make a statement (ECF No. 72, p. 14); and, the Court then imposed the statutorily required sentence of life imprisonment without release, a $15,000.00 fine, and a $100.00 special assessment (ECF No. 72, p. 19). Judgment was entered by the Court on July 17, 1998. (ECF No. 16).

The Eighth Circuit Court of Appeals affirmed Rosso's conviction and sentence on June 17, 1999. *United States v. Rosso*, 179 F.3d 1102 (8th Cir. 1999).

Rosso has attempted, unsuccessfully, to obtain post-conviction relief on numerous occasions. Rosso filed a motion pursuant to 28 U.S.C. § 2255 on September 8, 2000. (ECF No. 27). The motion was denied on June 6, 2001. (ECF No. 36). A certificate of appealability was denied by this Court on September 5, 2001 (ECF No. 42), and the Eighth Circuit Court of Appeals dismissed Rosso's appeal on February 20, 2002 (ECF No. 46). The Eighth Circuit Court of Appeals also denied Rosso's petitions for authorization to file successive habeas applications in the district court on January 24, 2006 (ECF No. 47) and on May 18, 2012 (ECF No. 58). A motion for remission of the fine (ECF No. 48) was denied on October 21, 2008 (ECF No. 53). A motion to correct clerical errors (ECF No. 54) was denied on October 19, 2011 (ECF No. 57). A motion to modify (ECF No. 59) was denied on July 16, 2013 (ECF No. 64), and his appeal from that order was summarily dismissed by the Eighth Circuit Court of Appeals on December 2, 2013 (ECF No. 71-1).

On August 30, 2017, nearly three years after Amendment 782 to the United States Sentencing Guidelines became effective on November 1, 2014, Rosso filed his *pro se* Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) contending a reduction of his sentence is warranted

pursuant to Amendment 782.  (ECF No. 75).

## II. Discussion

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' 18 U.S.C. § 3582(c); but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011).  18 U.S.C. § 3582(c) sets forth three exceptions: (1) in certain circumstances "upon motion of the Director of the Bureau of Prisons," *see* 18 U.S.C. § 3582(c)(1)(A); or, (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," *see* 18 U.S.C. § 3582(c)(1)(B); or, (3) "upon motion of the defendant or the Director of the Bureau of Prisons," or on a court's own motion, in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission," *see* 18 U.S.C. § 3582(c)(2).

Rosso seeks relief under § 3582(c)(2) contending that Amendment 782 of the United States Sentencing Guidelines applies to his case.  Amendment 782, effective on November 1, 2014, broadly lowered the base offense level for most drug quantity offenses under U.S.S.G. § 2D1.1.  Rosso's argument fails because Amendment 782 does not have the effect of lowering the sentencing range applicable to his case, and his Motion for Reduction of Sentence pursuant to § 3582(c)(2) should be dismissed with prejudice.

While a drug quantity calculation resulting in a base offense level of 34 was reported in Rosso's PSR (ECF No. 14, ¶ 19), the PSR further noted Rosso had "at least two prior felony convictions for a controlled substance offense, [and] the defendant is considered a Career Offender" (ECF No. 14, ¶ 32).  Rosso's three prior felony drug convictions are detailed in the PSR. (ECF No. 14, ¶¶ 35, 37, 39).  The PSR also reported that pursuant to 21 U.S.C. § 841(b)(1)(A) "any person

having 2 or more prior convictions for a felony drug offense shall be sentenced to a mandatory term of life imprisonment without release." (ECF No. 14, ¶ 54). 21 U.S.C. § 841(b)(1)(A) provides that any person who violates § 841(a), like Rosso, after two or more prior convictions for a felony drug offense have become final, "shall be sentenced to a mandatory term of life imprisonment without release ..."

U.S.S.G. § 1B1.10(a)(2)(B) provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c) if - - [a]n amendment listed in subsection (d)[1] does not have the effect of lowering the defendant's applicable guideline range." Application Note 1(A) to U.S.S.G. § 1B1.10 clarifies that "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) ... if ... an amendment ... does not have the effect of lowering the defendant's guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)."

Here, Rosso's sentence was not based on a Guidelines range determined by drug quantity and application of U.S.S.G. § 2D1.1, but solely on the mandatory life imprisonment provision of 21 U.S.C. § 841(b)(1)(A). Judge Hendren commented on this fact at Rosso's sentencing, stating "I know about the prior convictions ... which, of course, caused you to be in this position. ... I will sentence you to be imprisoned for life without possibility of release because that is required by applicable law." (ECF No. 72, pp. 17-18). Rosso acknowledged this critical aspect of his sentencing when he unsuccessfully sought authorization from the Eighth Circuit Court of Appeals to file a successive habeas application in 2012, alleging "Petitioner Rosso was given a mandatory life

---

[1] Amendment 782 is listed as a covered amendment in sub-section (d).

sentence for his having had three prior felony drug convictions ..."  (ECF No. 79-2, pp. 6-7).

Sentence reductions pursuant to Amendment 782 have been denied where the defendant was originally sentenced as a career offender, *see United States v. Thomas*, 775 F.3d 982 (8th Cir. 2014), and like here, where a defendant received a statutory mandatory life sentence based on prior drug convictions rather than a Guidelines sentence, *see United States v. Hart*, 331 F. App'x 972 (3rd Cir. 2009) (Unpublished) (change in the Guidelines cannot alter statutorily mandated sentences) and *United States v. McCoullum*, 530 F.Supp.2d 355 (D. Me. 2008).

Rosso received a mandatory life sentence based on his three prior felony drug convictions as required under 21 U.S.C. § 841(b)(1)(A), and Amendment 782 cannot alter that statutorily mandated sentence.

### III.  Conclusion

For the reasons and upon the authorities discussed above, it is recommended that Rosso's Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) (ECF No. 75) be **DISMISSED with PREJUDICE**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 18th day of December 2017.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE