IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**UNITED STATES OF AMERICA**     **PLAINTIFF**

**V.**     **CASE NO. 2:98-CR-20007**

**ROBERT J. ROSSO, JR.**     **DEFENDANT**

## ORDER

Currently before the Court is the Report and Recommendation ("R&R") (Doc. 83) filed in this case on December 18, 2017, by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas, regarding Defendant Robert J. Rosso, Jr.'s *pro se* Motion for Reduction of Sentence (Doc. 75). In light of Mr. Rosso's Objections to the R&R (Doc. 86) and Supplement to his Objections (Doc. 87), both of which were filed on January 2, 2018, the Court has conducted a *de novo* review of the record in accordance with 28 U.S.C. § 636(b)(1)(C).

The R&R explains in detail why Mr. Rosso is not entitled to a reduction in sentence pursuant to Amendment 782 to the United States Sentencing Guidelines. Amendment 782, which was made effective on November 1, 2014, lowered the base offense level for most drug-quantity offenses under U.S.S.G. § 2D1.1. There are, however, certain situations where Amendment 782 will not apply, including where a defendant's sentence was imposed due to the mandatory application of a federal statute. According to the facts in Mr. Rosso's Presentence Investigation Report, which he did not object to prior to or during sentencing, he was convicted of distributing 500 grams or more of a mixture containing methamphetamine, and his prior criminal history revealed three drug felony convictions. *See* Doc. 14, pp. 3, 15. Under these circumstances, the district court was

required to sentence Mr. Rosso "to a mandatory term of life imprisonment without release . . . ." 21 U.S.C. 841(b)(1)(A)(viii). The sentencing judge[1] imposed that very sentence, and Amendment 782 cannot alter it.

In Mr. Rosso's first objection, he claims that his life sentence was *not* imposed pursuant to 21 U.S.C. 841(b)(1)(A)(viii). This is plainly incorrect, and the objection is overruled. Second, he complains: "[A]t no time did [the sentencing judge] say that defendant was being sentenced to life imprisonment based on these prior convictions. That is 100% false." (Doc. 86, p. 3). If Mr. Rosso's motive for making this objection is to argue that he lacked advance warning, prior to sentencing, that he faced life imprisonment, the record reflects otherwise. Moreover, Mr. Rosso's direct appeal of his sentence was denied, as was his motion for habeas relief (and several other post-conviction motions). *See* R&R, Doc. 83, p. 3. Mr. Rosso's final objection is to the R&R's observation that he explicitly "acknowledged" in 2012—in the context of his habeas petition—that he understood why he had received a life sentence. Mr. Rosso disagrees that he made such an acknowledgment. The Court finds that it does not matter whether he did or not, as the pending Motion does not depend on any statements he made in his habeas petition.

In light of the above reasoning, all objections are overruled, the R&R (Doc. 83) is **ADOPTED**, and the Motion for Reduction of Sentence (Doc. 75) is **DENIED**.

**IT IS SO ORDERED** on this 27th day of February, 2018.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

---

[1] The Honorable Jimm Larry Hendren.